E-FILED
Monday, 23 March, 2026  10:49:23 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

DAVID MERKLE,
    Plaintiff,

v.

TRAVCO INSURANCE COMPANY,
    Defendant.

Case No. 2:25-cv-2333

### Order

Now before the Court is the Defendant, TravCo Insurance Company's Motion to Dismiss (D. 8).[1] For the reasons set forth *infra*, the Court grants in part and denies in part the Defendant's Motion.

### I

On February 13, 2026, the Defendant filed the pending Motion. (D. 8). The Plaintiff failed to timely respond. The Court, on March 5, 2026, entered a Text Order highlighting the Plaintiff's failure to respond. The Plaintiff has not sought leave to file a late response. The matter is therefore fully briefed.

### II

This case arises out of the Defendant's denial of insurance coverage for the Plaintiff's alleged fire loss. The Plaintiff alleges that on November 3, 2020, his insurance policy with the Defendant began. On that same day, the Plaintiff alleges that he experienced "fire loss" to his "personal property and buildings". (D. 1-1 at ECF p. 3). He alleges that he "promptly notified Defendant of the Loss and made a claim for benefits under the Policy", but "Defendant denied Plaintiff's claim." *Id*.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

He further avers that the denial "was made without conducting a reasonable investigation" and "was not made in good faith." *Id*. He also alleges that there was "delay in handling the claim," an unnecessarily burdensome investigation, and that the Defendant's conduct was "vexatious and unreasonable". (D. 1-1 at ECF p. 3, 5).

Consequently, the Plaintiff filed this three-count Complaint, which the Defendant removed from state court on the basis of diversity jurisdiction. He alleges Count One (Breach of Contract), Count Two (Bad Faith Denial of Claim), and Count Three (Violation of Illinois Insurance Code). In the pending Motion, the Defendant moves to dismiss only Counts Two and Three. The Plaintiff has not filed a response, and has not indicated a desire to do so.

### III

The Court will first address Count Two. There, the Plaintiff alleges that the Defendant violated 215 ILCS 5/155 when it denied the Plaintiff's claim "without a reasonable basis and not in a reasonable time." (D. 1-1 at ECF p. 4). The Defendant argues that the Plaintiff's Complaint fails to allege facts to support vexatious and unreasonable conduct. Rather, the Defendant avers that all allegations of bad faith and misconduct are conclusory. Further, the factual allegations that the Plaintiff does include, the Defendant argues, establish that the Defendant did in fact conduct a reasonable investigation prior to denying the Plaintiff's claim.

"Section 155 of the Illinois Insurance Code allows an insured to recover attorneys' fees, costs, and statutory damages when the insurer's delay in settling a claim is 'vexatious and unreasonable.'" *Souza v. Erie Ins. Co.*, No. 22-CV-3744, 2023 WL 4762712, at *5 (N.D. Ill. July 25, 2023) (quoting 215 ILCS 5/155). An insurer's actions are "not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts

2

a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000).

The Court finds that, while perhaps thinly veiled, the Complaint alleges enough facts to plausibly state a Section 155 claim. In support of his claim that the investigation was vexatious and unreasonable, the Plaintiff alleges that the "Defendant required Plaintiff to undergo a recorded statement …; a second statement …; a sworn statement …; [a]n examination under oath …; an updated proof of loss …; [and] a second examination under oath …." (D. 1-1 at 3). The Plaintiff also alleges that the Defendant's "41 month[ ] delay to adjust a claim for personal property and damage" was unreasonable. *Id*. at ECF p. 5. In the Defendant's view (which may ultimately prove correct), this conduct—rather than being vexatious and unreasonable—evidences a thorough investigation. But the Defendant's position, compared to the Plaintiff's allegations, creates a question of fact at this early stage. Discovery may reveal that the Defendant's investigation efforts were fully justified, and that they were reasonable measures for the investigation. But at this stage, accepting as true the Plaintiff's factual allegations, he has plausibly alleged that the Defendant's conduct was vexatious and unreasonable and caused undue delay; he therefore states a claim under Section 155. *See, e.g., W. Wind Express v. Occidental Fire & Cas. Co. of North Carolina*, No. 10–CV–6263, 2013 WL 2285799, at *4 (N.D. Ill. May 23, 2013) ("[B]ecause [determining if an insurer's conduct was vexatious or unreasonable] presents a factual question, the Court may not decide the issue on the pleadings alone, although the issue may be susceptible to disposition at summary judgment if the facts developed fail to show a genuine issue of disputed material fact."); *Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 841 (N.D. Ill. 2015) ("Here, Wheeler alleges that ASIC

acted in bad faith, providing a detailed list of allegations that he contends amount to vexatious and unreasonable conduct. This is sufficient at this stage to allow the damages request to go forward."); *Strategic Cap. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, No. 10-CV-2062, 2014 WL 562970, at *6 (C.D. Ill. Feb. 13, 2014) ("St. Paul may ultimately have the winning argument that a Section 155 award is unwarranted here because St. Paul's initial position was based on a bona fide dispute as to coverage. However, the Court agrees with SCBI that it is too early to rule definitively in St. Paul's favor on this issue. The Court does not have the benefit of all the evidence in order to consider the totality of the circumstances, as required by the law regarding Section 155."); *A Plus Carwash LLC v. State Auto Prop. & Cas. Ins. Co.*, No. 24-CV-03024, 2024 WL 4786165, at *7 (C.D. Ill. Aug. 27, 2024) ("Plaintiff did more than allege conclusory statements that Defendant breached the insurance contract and that the breach was unreasonable and vexatious— Plaintiff pleaded facts describing specific actions by Defendant that could plausibly be deemed vexatious and unreasonable. This is sufficient to state a claim under § 155."); *Call One Inc. v. Berkley Ins. Co.*, 587 F. Supp. 3d 706, 721 (N.D. Ill. 2022) ("Because Call One does more than just label Berkley's denial of coverage as unreasonable and actually provides examples of acts it deems vexatious, it is premature for the Court to decide the merits of this claim, before discovery into Berkley's entire course of conduct has occurred. Accordingly, Berkley's motion to dismiss Count II is denied as well.").

In Count Three, the Plaintiff alleges that the Defendant engaged in a variety of improper claims practices under Section 154.6. But definitively, the Seventh Circuit and Illinois courts have held that 215 ILCS 5/154.6 does not "provide a private right of action." *Bernacchi v. First Chicago Ins. Co.*, 52 F.4th 324, 330 (7th Cir. 2022) (quoting *Am. Serv. Ins. Co. v. Passarelli*, 323 Ill. App. 3d 587 (2001)) ("215 ILCS 5/154.6 enumerates a list of acts that constitute improper claims practice, but

4

neither it nor its surrounding statutes provide a private right of action. Instead, § 154.6 lists improper claim practices, and § 154.7 vests the State Director of Insurance with the authority to penalize such practices. Under this framework, compliance with statutory obligations is within the purview of the state department, rather than individuals who 'cannot personally seek damages ... under section 154.6.'"); *Hopkins v. White*, No. 05-3231, 2006 WL 8443523, at *3 (C.D. Ill. Mar. 28, 2006) (quoting *Pasarelli*, 323 Ill. App. 3d at 590) ("The court in *Passarelli* specifically held, '[S]ection 154.5 et seq. does not give rise to a private remedy or cause of action by a policyholder against an insurer but is instead regulatory in nature.' Because there is no private right of action under the applicable section of the Illinois Insurance Code, the Court will ALLOW State Farm's motion to dismiss as to Count VII."); *Area Erectors, Inc. v. Travelers Prop. Cas. Co. of Am.*, 981 N.E. 2d 1120, 1127 (Ill. App. Ct. 2012) ("In respect to AEI's claims under section 154.6 of the Insurance Code, we find that section 154.6 does not give rise to a private remedy or cause of action by a policyholder against an insurer but is instead regulatory in nature.").

Accordingly, because Illinois and this Circuit do not recognize a private cause of action under Section 154.6, Count Three is dismissed with prejudice.

## IV

For the reasons set forth *supra*, the Defendant's Motion to Dismiss is granted in part and denied in part. The Motion is denied as to Claim Two; Claim One and Claim Two, therefore, can proceed. The Motion is granted as to Claim Three; Claim Three is thus dismissed with prejudice.

*It is so ordered.*

Entered on March 23, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE